UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSH WEBBER and
MUDDY WATER PICTURES LLC d/b/a
MUDDY WATER PICTURES, INC.,                     Docket No.: 1:19-cv-00610-CM

                                    Plaintiffs,
      -against-
                                                             **ANSWER**

DAMON ANTHONY DASH and
POPPINGTON LLC d/b/a DAMON
DASH STUDIOS

                                    Defendants.
------------------------------------------------------------X

Defendant Damon Dash ("Defendant" and "Counterclaim Plaintiff"), by his attorneys, Turturro Law, P.C., as and for his Answer, Statement of Affirmative Defenses, and Counterclaim to the Amended Complaint ("Complaint") of Plaintiffs ("Plaintiff") herein, allege as follows:

## JURISDICTION AND VENUE

1. Paragraphs 1 and 2 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies these allegations of the Complaint.

## PARTIES

2. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 3 of the Complaint.

3. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 4 of the Complaint.

4. Denies all the allegations of Paragraph 5 of the Complaint except admits that Defendant is a resident of the state of California and was a resident of the state of California at all relevant times.

5. Admits that Poppington LLC was formed in New York and that Defendant is an officer of the same, but avers that it does not operate in New York nor did it operate in New York during any relevant time set forth in the Complaint.

## **FACTS**

6. Denies the allegations of Paragraph 7 of the Complaint.

7. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 8 of the Complaint. Defendant avers that it was agreed between him and Muddy Water Pictures, LLC ("Muddy") that Defendant would direct the film.

8. As to the allegations in Paragraph 9, admits that Muddy intended on working with Defendant and avers that the parties reached a verbal agreement with Defendant to direct, produce, market and co-own the finished film.

9. Admits the allegations in Paragraph 10.

10. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 11 of the Complaint.

11. Denies the allegations of Paragraph 12 of the Complaint and avers that Defendant has footage of him directing the principal photography of the film at his premises.

12. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 13 of the Complaint.

13. Denies the allegations of Paragraph 14 of the Complaint.

14. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 15, 16 of the Complaint.

15. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 17, 18 of the Complaint and refers the Court to the Exhibit and the link as to the contents of what is alleged therein.

16. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 19, 20 and 21 of the Complaint; Defendant avers that he co-authored the film.

17. Admits that Muddy seeks such relief in its Complaint as alleged in Paragraph 22 of the Complaint.

18. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 23 of the Complaint.

19. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 24 of the Complaint; denies that any Official Poppington Instagram page made such a statement; and, avers that Defendant co-authored and co-owns the film per the aforementioned verbal agreement with Muddy.

20. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 25 of the Complaint.

21. Denies the allegations of Paragraph 26 of the Complaint.

22. Denies knowledge or information sufficient to form a belief of the allegations of Paragraph 27 of the Complaint.

23. Denies the allegations of Paragraph 28 of the Complaint.

## COUNT I
## DECLARATORY JUDGMENT

24. Denies the allegations of Paragraph 29, 30, and 31 of the Complaint and avers that Defendant does co-own the film, did direct the film, did assist in re-writing and bringing the revised script to life and, did co-author the film.

25. Admits the allegations of Paragraph 32 of the Complaint.

26. Denies the allegation in Paragraph 33 of the Complaint.

## COUNT II
## DEFAMATION

27. Denies the allegations of Paragraph 34-40 of the Complaint.

## COUNT III
## DEFAMATION

28. Denies the allegations of Paragraph 41-47 of the Complaint.

## COUNT IV
## DEFAMATION

29. Denies the allegations of Paragraph 48-54 of the Complaint.

## COUNT V
## DEFAMATION

30. Denies the allegations of Paragraph 55-61 of the Complaint.

## COUNT VI
## COPYRIGHT INFRINGEMENT

31. Denies the allegations of Paragraph 62-67 of the Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they should not otherwise bear, Defendant

asserts the following defenses that may be identified in the course of further investigation, discovery, or litigation of this action.

**FIRST DEFENSE**

Plaintiffs fail to state any claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by their failure to mitigate any damages it may have suffered.

**FOURTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the fact that the relevant provisions of verbal agreement by and between the parties.

**FIFTH DEFENSE**

Defendant is a co-author and co-author of the film and, therefore, cannot be liable for copyright infringement for any alleged marketing or promotion of the film.

**SIXTH DEFENSE**

The defamation claims are not reasonably susceptible to a defamatory meaning.

**SEVENTH DEFENSE**

Plaintiffs do not plead actual malice in the defamation counts alleged against Defendant.

**EIGHTH DEFENSE**

Defendants alleged defamatory statements are mere opinions protected by the First

Amendment of the United States Constitution, New York State Constitution and Mississippi State Constitution.

### NINTH DEFENSE

Defendants alleged defamatory statements are substantially true.

### TENTH DEFENSE

The Southern District of New York is an inconvenient, unjust and improper venue under 28 USC §1404 for the parties and witnesses in this case. Moreover, this action could have been properly brought in the district court in California where the verbal agreement was entered into, the actors/actresses were casted and reside, where Defendant resides, the principal photography of the film took place.

### COUNTERCLAIM

As and for his first counterclaim against Plaintiff-Counterclaim Defendant Muddy, Damon Dash alleges the following:

#### i. Background in Film and the Entertainment Community

1. I have extensive experience in film as well as numerous connections in the entertainment world, which, in part, motivated the Plaintiffs in seeking out my services as a director and producer in regards to the List ("Film") –i.e., the film that is the subject of this dispute.

2. For example, I co-founded Roc-A-Fella Records with Shawn "Jay-Z" Carter and Kareem "Biggs" Burke.

3. I was instrumental in finding, signing and launching Kanye West's career.

4. I put Kevin Heart in one of his first feature films.

5. I directed and produced feature films like *Paid In Full* as well as executive produced

other, like the *Woodsman*.

6. In short, in my career, I have been Producer and Executive Producer of 24 movies, TV shows, and documentaries – and this all prior to directing the Film at issue.

7. On IMDB, I am credited with Directing eight films, including movies and documentaries; I am credited with writing five films, but have had a hand in far more.

8. I have acted in 10 credits.

### ii. Background In Regards to the Film

9. In short, I was hired as a Producer and Director to work on the Film, which as noted above, was first known as "The List" aka "Dear Frank." Plaintiff Josh Webber himself admits that in his Instagram post dated January 19, 2019 stating, "[t]ruth is @duskopoppington … was HIRED by @muddfilms to "Direct" the film #thelist originally as a "celebrity" Director. I was the producer of the film and asked to ensure that it actually got made by ghost directing certain aspects.

10. Further, I did, in fact, direct the Film, which was shot using my cameras, by me, in my house in California. In fact, everything regarding this Film was done in California.

11. As a Director, I contributed my artistic presence to the Film. Using my extensive experience acting, directing, and producing other films, I was able to enhance the Film in every aspect. My direction translated the emotions, thoughts and feelings of the actors to the audience. Notably, the finished work and raw footage (which I do not possess) is a different work than what was actually scripted.

12. In fact, I helped re-write the script with others like actor Bryan White and Plaintiff Joshua Weber.

13. In addition to Directing, I acted as a producer pursuant to my verbal agreement with Plaintiff Muddy.

14. In this capacity, I used my extensive personal connections and name recognition to pull in great actors like Brian White, Claudia Jordan, and Columbus Short - as well as have access to a larger pool of actors and actresses to choose from.

15. Additionally, as a Producer, I found locations and sets for the Film and, as noted above, I contributed my equipment such as cameras, lighting, and other necessary equipment.

### iii. Verbal Agreement with Muddy

16. Prior to commencing principal photography (which was shot at my place as the Plaintiffs' Amended Complaint readily admits), I was hired by Plaintiff Muddy Water Pictures, Inc. to direct and produce the film in return for a 25% net interest in the Film's royalties (which I was to co-own) and, as outlined above, I fully performed as per the verbal agreement.

17. Indeed, as the Plaintiffs readily knew, promoting is one of the things that I am best known for. Moreover, because my sole compensation was tied to the successful distribution of the Film, the better promotion, the higher the royalties. Thus, from inception, marketing the finished Film to potential distributors was one of the central tenets of the verbal agreement.

18. Thus, while no contract was formed in writing, I contributed and performed as agreed upon - and did it well.

19. In short, I do not deny that Muddy's holds the copyright, entered into the contracts to all of the workers on the Film and contributed monetary capital to the Film, but never the less, the amount of artistic and other in kind contributions to the Film that I co-authored sufficient to indicate to the Court that there is a genuine dispute as to the OWNERSHIP of the completed

Film, which I co-produced and directed at my house, using my camera equipment and actors/staff that I helped bring on board to the Film.

20. Moreover, I was promised a 25% ownership and economic interest in the Film by Muddy, which is what I relied on in undertaking the aforementioned roles in the project.

21. Based on the foregoing, I co-own the Film and seek relief declaring that I am a co-owner and co-author of the Film.

## COUNT I
(Declaratory Judgment)

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if fully repeated and set forth at length herein.

23. As alleged above, it is undisputed that both Counterclaim Plaintiff and Counterclaim Defendant claim to have authored and own the Film.

24. Nevertheless, Counterclaim Defendant claims it is the sole owner of the Film.

25. Injustice can only be avoided by having this Court declare and adjudge that Counterclaim Plaintiff is a co-author of the Film and has lawful title and an ownership interest in the Film along with all beneficial rights of said authorship and ownership.

**WHEREFORE**, the Defendant/Counterclaim Plaintiff respectfully request that the court issue a judgement as follows:

- Dismissal of all claims against the Defendant with prejudice;
- On its first counterclaim for damages, declaring and adjudging that Counterclaim Plaintiff is a co-author of the Film and has lawful title and an ownership interest in the Film along with all beneficial rights of said authorship and ownership;
- Awarding costs, disbursements, and reasonable attorney's fees incurred to

defend against this action; and

- that the court issue such relief as to it may seems just and proper.

Dated: Brooklyn, New York
      February 27, 2019

Yours, etc.
**/s/ Natraj S. Bhushan**
By: Natraj S. Bhushan, Esq.
1602 McDonald Ave.
Brooklyn, NY 11230
Tel.: (718) 384-2323

*Attorneys for Defendant-
Counterclaim Plaintiff
Damon Dash*