USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-10-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JOSH WEBBER et al.,

                    Plaintiffs,

- against -

DAMON ANTHONY DASH et al.,

                    Defendants.

-----------------------------------------------------------------X

19-cv-610 (LJL) (RWL)

## ORDER

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    As reflected in prior proceedings and orders, Defendants (Damon Dash and his related business entity) (collectively, "Dash") have repeatedly obstructed the discovery process, engaged in conduct warranting imposition of sanctions, and otherwise demonstrated disregard for the orderly administration of justice. Most recently, Dash made a sham of his deposition (which he previously avoided attending on two occasions), ultimately causing the deposition to end prematurely after only an hour or so and leading the firm hosting the deposition to call the police. In the wake of this conduct, Plaintiffs have renewed their request for terminating sanctions, granting judgment in favor of Plaintiffs and dismissing Dash's counterclaims, or, in the alternative granting an adverse inference (or inferences) against Dash based on information he has failed to provide as requested. (Dkt. 113; *see also* Dkt. 125, 127.)

    In response, Dash points out that this Court already has imposed sanctions on Dash in connection with his conduct. To some extent, that is correct. Dash also notes that Plaintiff has filed a motion for summary judgment as to all claims and therefore does not need any further information. That contention overlooks that even if Plaintiffs may not

need that information for summary judgment, they may very well find it useful at trial in the event summary judgment is denied. Moreover, in response to the Court's request, Plaintiffs have identified specific ways in which Dash has prevented them from obtaining information, either at deposition or in response to document requests or interrogatories.[1] (Dkt. 129.)

That said, given the Second Circuit's preference for determining cases on the merits, and in the interest of applying sanctions proportionately, the Court does not deem it appropriate at this juncture to impose terminating sanctions; likewise, awarding an adverse inference (or multiple adverse inferences) is premature. Accordingly, Plaintiffs' application is denied without prejudice, and:

1. The parties shall await the Court's ruling on Plaintiffs' summary judgment motions. In the event either of Plaintiffs' summary judgment motions is denied, Dash must appear for continuation of his deposition; the deposition will take place at the Federal Courthouse at 500 Pearl Street, New York, NY; Dash will pay for all costs of the deposition, including but not limited to Plaintiff counsel's reasonable travel expenses as well as the cost for the court reporter and videographer.

2. To the extent Dash has not produced documents or interrogatory responses as required, the Court will entertain application (to be made at the time for submission of trial in limine motions) for adverse inferences to be made at trial.

---

[1] In opposing Plaintiffs' request for sanctions, Dash woefully understates the extent of his role in the deposition melee. And his suggestion that he "was equally being attacked by" Plaintiff's counsel is thoroughly belied by the videotape of the depositions. (See Dkt. 235 at 4.)

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2020
New York, New York

3