```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOSH WEBBER and                                                   :
MUDDY WATER PICTURES LLC d/b/a MUDDY                              :
WATER PICTURES, INC.,                                             :
                                                                  :          19-cv-00610 (LJL)
                                    Plaintiffs,                   :
                                                                  :          OPINION AND ORDER
              -v-                                                 :
                                                                  :
DAMON ANTHONY DASH and                                            :
POPPINGTON LLC d/b/a DAMON DASH STUDIOS,                          :
                                                                  :
                                    Defendants.                   :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move for summary judgment on their defamation and copyright claims. For the reasons below, those motions are denied.

## BACKGROUND

This case began in January 2019 when Plaintiffs Josh Webber and Muddy Water Pictures LLC (collectively, "Plaintiffs") filed a Complaint against Defendants Damon Anthony Dash and Poppington LLC ("Defendants"). (Dkt. No. 6.) The Complaint alleged copyright infringement and defamation. (*Id.*) Chief Judge McMahon was assigned to the case from that time until February 4, 2020, when it was reassigned to this Court.

The case has been contentious from the start. One week after the Complaint was filed, Plaintiffs moved for a temporary restraining order and preliminary injunction. (Dkt. No. 8.) Before the hearing on that application, Chief Judge McMahon received letters from Plaintiffs accusing Defendants of "[t]hreats and witness tampering." (Dkt. Nos. 14, 16).

At the center of the parties' dispute is a film titled "Dear Frank" (the "Film"). (*Id.*) The

two questions are (1) whether Defendant Dash has a copyright interest in the Film and (2) whether he defamed Plaintiffs by publishing certain statements about the Film.  Plaintiffs requested a preliminary injunction enjoining Dash from marketing, advertising, or promoting the Film during the pendency of this action because, according to Plaintiffs, Dash doing so was "[a]ffecting the rights of Muddy and damaging the reputation of Muddy publicly."  (Dkt. No. 32.)

Following a hearing, Chief Judge McMahon granted Plaintiffs' motion for a preliminary injunction.  (Dkt. No. 46.)  "At the outset," the opinion began, "the Court notes that there are quite a few disputed facts in this case."  (*Id.* at 7.)  Indeed, Chief Judge McMahon characterized it as a "he said/he said" case.  (*Id.*)  The opinion states various conclusions about the factual record.  For example, it "reject[ed] Plaintiffs' contention that Dash did not provide substantially any material services to the making of the Film."  (*Id.* at 10 (quotation omitted).)  The opinion highlighted "Dash's presence and substantive engagement with the film crew during shooting" and "credit[ed] Dash's contention that he had something to do with directing the Film."  (*Id.* (noting that it was "hard to do otherwise, since Plaintiffs represented to the public that Dash was at one point a director").)

Shortly after Chief Judge McMahon's opinion issued, the parties resumed their hostilities.  Plaintiff Muddy Water Pictures LLC moved for an order of civil contempt against Dash for violating the preliminary injunction, which was eventually denied after a hearing.  (Dkt. Nos. 49, 69.)

On March 7, 2019, Plaintiffs moved for summary judgment on their defamation claim.  (Dkt. No. 57.)  Ten days later, they moved for summary judgment with respect to the ownership and authorship issue in the copyright claim.  (Dkt. No. 63.)  On March 21, 2019, Chief Judge

McMahon denied Plaintiffs' motions for summary judgment in a written order. (Dkt. No. 69.) The order stated:

> The motions for summary judgment are denied because, as should be clear from the Court's opinion granting Plaintiffs' motion for a preliminary injunction, there are disputed issues of material fact in this case that will require a trial.

(*Id*.)  The order further directed the parties to "complete discovery by June 21, 2019 and file a proposed joint pretrial order . . . no later than July 12, 2019." (*Id.*)  According to the order, the parties would "then be on two days' notice for trial." (*Id.*)

Discovery disputes followed.  On May 22, 2019, Chief Judge McMahon referred the case to Magistrate Judge Lehrburger for General Pretrial.  (Dkt. No. 72.)  Since then, Judge Lehrburger has indefatigably and adeptly handled various discovery and sanctions matters, including a request by Plaintiffs for terminating sanctions.  (*See, e.g.*, Dkt. Nos. 103, 114, 130, 131.)

Undeterred by Chief Judge McMahon's March 21, 2019 order, Plaintiffs filed a second motion for summary judgment on ownership and authorship (Dkt. No. 115) on January 9, 2019 and a second motion for summary judgment on defamation (Dkt. No. 122) on January 27, 2019. Those motions are now pending before the undersigned.

## DISCUSSION

The Second Circuit has held that, where one judge "specifically held in [an] earlier ruling . . . that plaintiff had shown a genuine disputed issue of material fact, and stated that 'we will proceed to trial in the case[,]' . . . [that] denial of summary judgment was the law of the case." *Wright v. Cayan*, 817 F.2d 999, 1002 n.3 (2d Cir. 1987).  To be sure, "[i]t is well established that 'the law of the case' does not constitute a limitation on the court's power," but it does reflect a "general practice of refusing to reopen what has been decided." *Slotkin v. Citizens Cas. Co. of*

*New York*, 614 F.2d 301, 312 (2d Cir. 1979).  Law-of-the-case doctrine is a "basically simple principle of disciplined self-consistency."  18B C. Wright & A. Miller, Fed. Prac. & Proc. Juris. § 4478 (2d ed. 2020).  It "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotation marks and citation omitted).

In *Wright*, "[n]o change in the law or facts warranted [the later judge's] 'overruling' of [the earlier judge's] previous holding that [certain evidence] was sufficient to preclude summary judgment."  817 F.2d at 1002 n.3.  The same is true here.  Chief Judge McMahon's careful and well-supported discernment of factual disputes inherent in both summary judgment matters has not been disturbed by any change in the facts or law that have come to light since her ruling.  The objectives of the law-of-the-case doctrine would be served by applying it here, and the Court sees no reason why such application would unduly prejudice either party.

## CONCLUSION

For the foregoing reasons, the motions for summary judgment are DENIED.  The Clerk of Court is respectfully directed to close Dkt. Nos. 115 and 122.

IT IS FURTHER ORDERED that trial in this case will begin on August 10, 2020.  The parties shall appear for a pretrial conference on July 27, 2020 at 4:00 p.m.

SO ORDERED.

Dated: April 27, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge