# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/2021

February 16, 2021

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   Webber, et al. v. Dash, et al
        **DOCKET NO.** 1:19-cv-610-LWL/RJL

Dear Hon. Judge Lehrburger:

This office is counsel to the Plaintiffs in this matter. This letter is prepared seeking termination sanctions and legal fees from the Defendants Damon Dash d/b/a Damon Dash Studios, and Poppington LLC for violation of the Court Order at Docket Entry 187 dated February dated February 5, 2021 and Docket Entry 175. In the alternative, Plaintiffs seek a Court Order mandating that Dash appear in person for his deposition and pay legal fees relating to this application.

As of February 16, 2021, the defendants have now indicated that Dash will not appear for the in-person deposition (Docket Entry 175) and has indicated that Plaintiff should make an application to the Court seeking enforcement of the Court Orders. See Exhibit A.

After substantial negotiation, the parties agreed on November 6, 2020, to hold an in-person deposition of Dash on November 20, 2020 and agreed to a COVID 19 protocol to follow. See Exhibit B. The protocol agreed by the parties called for the following (1) each party to wear a mask (2) each party to produce negative covid test (3) that the facility follows CDC guidelines (4) the facility has sanitizer available and, (5) social distancing during the deposition, in order to conduct an in-person deposition. See Bhushan email to Brown October 30, 2020 at 5:25pm.

Dash promptly failed to appear for his video deposition in November 2020 for the third (3rd) time and the Court ordered Dash's deposition to occur in person in California before January 31, 2021. Docket Entry 175. Due to the issues that occurred on January 29, 2021 at the Dash deposition (not completed), the Court Order another deposition of Dash to occur before March 10, 2021 at Docket Entry 187. The Defendants state that this Court has approved a remote-only deposition for Dash as Docket Entry 187 indicates the defendants have the responsibility to ensure that the deposition it to be "completed

without incident". This argument is meritless and contradicts prior court orders in this action.

The Defendants new brazen disregard of Court Orders is simply a continuation of their documented efforts to frustrate the discovery process. Plaintiffs' first raised the issue of Defendants' discovery non-compliance to the Court in May 2019 after a preliminary injunction was issued against the defendants in February 2019. The noncompliance and sanctions identified in Docket Entries 74, 75, 88, 103, 108, 112, 131, 164 and 175 span from May 2019 through November 2020. Plaintiffs are just as frustrated with making the necessary discovery applications just as the Court must be frustrated with deciding these discovery matters.

This Court's order of December 3, 2020 (Docket Entry 175) provided the defendants with one last time to complete Dash's deposition. Defendants continued violation of Court orders must cease. Docket Entry 187 does not afford the defendants the right to limit the plaintiffs to a remote-only deposition. Plaintiffs' request an Order mandating that (1) Dash appear for an in-person video deposition in California and legal fees relating to this application or (2) termination sanctions due to the defendants' numerous violations of Court Orders.

Sincerely,
Brown & Rosen LLC
By:

Christopher L. Brown

Plaintiffs' application for terminating sanctions, fees, and an order for in-person deposition is denied.  We are still in the midst of a pandemic, and although Plaintiff has repeatedly frustrated an in-person deposition from going forward, a remote deposition is sufficient to complete his testimony.  In this District, remote depositions have become routine during the pandemic, as have remote bench trials.  The remote deposition shall be recorded by video.  Defendants shall pay all costs of the deposition, including court reporter and videographer.

SO ORDERED:

2/17/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE