```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSH WEBBER, and
MUDDY WATER PICTURES LLC d/b/a
MUDDY WATER PICTURES, INC.,

                              19-cv-610 (RWL)

            Plaintiffs,              **ORDER**

      - against -

DAMON ANTHONY DASH, and
POPPINGTON LLC d/b/a
DAMON DASH STUDIOS,

           Defendants.
-----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       As discussed during the pre-trial conference held on March 18, 2022, the Court has resolved the parties' motions in limine as follows.  To the extent not reflected herein, the Court's rulings are reflected in the recording of the conference.

       1.     **Estoppel:**  Plaintiffs have renewed their request that the Court afford collateral estoppel effect to the determination in the California case *Brown v. Dash* as to Dash's liability for defamation.  Although one of the statements at issue in this case is the same statement at issue in the California case, the issues in the two cases are distinctly different.  In the California case, the question was whether the statement was false as to Brown.  In the instant case, the question is whether the statement is false as to Muddy Water Pictures and Josh Webber.  Accordingly, collateral estoppel does not apply, and Plaintiff's request is denied.

       2.     **Dominant Authorship:**  Plaintiff moves in limine to preclude Defendants from arguing that they are the dominant author of the film at issue.  Plaintiff argues that

1

Defendants have asserted only that they are joint authors of the film along with Muddy Water Pictures.  This motion is denied.  If the jury determines that the parties are not joint authors, it will go on to determine who is the dominant author.  Although the copyright registration provides Muddy Water Pictures with the presumption of ownership, it does not preclude consideration of the dominant author question.

3. **Plaintiffs' Exhibits:**  Exhibits 1, 5, 6, 7: Objections sustained except that the exhibits attached to those documents are admissible.  Exhibit 4: Defendant stipulates that Poppington LLC is a New York entity registered in New York; accordingly, the objection is over-ruled, although there should be no need for the exhibit to be introduced during testimony.  Exhibits 14-15 (videos): Objection pending determination on Defendants' Exhibits 3-6.  Exhibits 17, 22, 26, 30, 31, 32: Objections sustained.  All other exhibits admitted, subject to meet and confer about completeness/context.

4. **Defendants' Exhibits:**  Exhibits 3-6: Subject to letter briefing as described below.  Exhibit 11: Parties to meet and confer about whether previously produced.  All other exhibits admitted.

5. **Updated Exhibit List:**  The parties shall file an updated exhibit list no later than Monday **March 21, 2022**.

6. **Letter Briefing:**  By **March 22, 2022**, the parties shall submit letters of no more than four pages each addressing the unresolved evidentiary issues, namely:  (i) admissibility of fact of outcome in *Brooks v Dash* for purposes of challenging Defendants' credibility; (ii) admissibility of Defendants' Exhibits 3-6 ; (iii) whether Defendants' Exhibit 11 was previously produced, and status of Plaintiff's objection thereto.

7. The parties shall redact lawyer-client communications from all exhibits.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 18, 2022
       New York, New York