```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____          │
│ DATE FILED:  10/17/2023         │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSH WEBBER and                             :
MUDDY WATER PICTURES LLC d/b/a              :
MUDDY WATER PICTURES, INC.,                 :                    19-CV-610-RWL
                                            :
                          Plaintiffs,       :
            -against-                       :
                                            :                    **ORDER**
DAMON ANTHONY DASH and                      :
POPPINGTON LLC D/B/A DAME DASH              :
STUDIOS,                                    :
                                            :
                          Defendants.       :
_____:

**ROBERT W. LEHRBURGER, United States Magistrate Judge**

    This order resolves the motion of non-party Roc-A-Fella Records, Inc. ("RAF") to intervene in the post-judgment enforcement proceedings.  (See Dkt. 341.)  The motion, which was timely filed, arises from Plaintiff's motion to compel the sale of judgment-debtor Damon Dash's one-third interest in RAF.

    RAF has an interest in the disposition of Dash's share of RAF as it directly affects ownership of RAF, and at least as alleged by RAF, potentially implicates RAF by-laws requiring board approval of any transfer of shares.  Webber challenges the bona fides of the RAF by-law in question, thus underscoring RAF's interest in the dispute as the Court may need to make findings about the RAF by-laws.  Moreover, RAF has an interest in seeing that the compelled sale of Dash's interest does not negatively impact RAF's value. Finally, Dash will not adequately protect RAF's interest; his self-interest does not align with RAF's interest as a company; indeed, Dash has not even filed any opposition to Plaintiff's application to force the sale of Dash's one-third share in RAF.  Accordingly, RAF has demonstrated grounds for its intervention as of right pursuant to Fed. R. Civ. P.

24(a)(2).  *See Brennan v. N.Y.C. Board of Education*, 260 F.3d 123, 128-29 (2d Cir. 2001) (identifying requisite elements for intervention as of right as (1) timeliness of the application; (2) an interest in the action; (3) potential impairment of that interest by disposition of the action; and (4) inadequacy of existing parties to protect that interest).

Even if RAF were not entitled to intervention as of right, the Court finds that it would be entitled to permissive intervention under Fed. R. Civ. P. 24(b).

Accordingly, RAF's motion is GRANTED insofar as RAF is permitted to intervene solely for the purpose of litigating Plaintiff's motion to compel the sale of Dash's one-third interest in RAF.  The Court will separately schedule a conference to address Plaintiff's motion.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 341.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2023
       New York, New York