

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GERALD E. SINGLETON**
Tel: (212) 356-2036
gsinglet@law.nyc.gov

March 21, 2024

**VIA ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

    Re:    *Josh Webber, et al. v. Damon Anthony Dash*, 19 Civ. 610-RWL
Request by NYC Dept. of Social Services, ex rel. Rachel Roy and Cindy Morales, for a Pre-motion conference regarding a Motion to Intervene As of Right to Collect Child Support Arrearages Owed by Defendant Damon Dash and to Modify the Court's Prior Order regarding the Distribution of Proceeds from the Sale of RAF stock certificate (ECF Doc. 370) by the U.S. Marshal

Dear Magistrate Judge Lehrburger:

    I represent the City of New York, acting by and through the NYC Department of Social Services ("NYCDSS"), which administers child support accounts and is charged by law with collecting child support arrearages owed by Defendant Damon Anthony Dash to, respectively, Rachel Roy for his two daughters, and to Cindy Morales for his son. In accordance with Section III.D of Your Honor's Individual Practices and Local Rule 7.1(d), I am wring to request a pre-motion conference for a motion allowing the NYCDSS ex rel. Rachel Roy and Cindy Morales to intervene in this action and to modify the Court's order dated February 13, 2024 (ECF Doc. 370) regarding the distribution of proceeds from the sale by the U.S. Marshal of a stock certificate representing Mr. Dash's ownership interest in non-party intervenor Roc-A-Fella Records, Inc. ("RAF").

    Mr. Dash presently owes child support payments under two accounts totaling, respectively, $60,220.25 for his daughters, and $74,876.62 for his son, which collectively total $145,096.87. Pursuant to applicable federal, state and city law, the NYCDSS maintains accounts for the children and is charged with the enforcement and collection of the delinquent payments. Accordingly, NYCDSS has standing to intervene as of right in this action.

A lien exists by operation of law upon all property owned by Mr. Dash, including his interest in RAF, pursuant to N.Y. Social Services Law §§ 111-t and 111-u, and N.Y. Lien Law §§ 65 and 211, and arrearages are fully enforceable as judgments under Article 52 of the CPLR. Pursuant to 42 U.S.C. § 666 (b)(7), child support collection must be given priority over any other legal process under State law.

The applicable law was explained in *O'Brien v. Hansell*, No. 09-CV-629 (RRM)(JO), 2010 WL 1371366 (E.D,N.Y. Mar. 31, 2010), as follows:

> In New York, the New York State Office of Temporary and Disability Assistance, Division of Child Support Enforcement, supervises the child support enforcement program in the State. N.Y Soc. Servs. Law § 111-b(1). Each local social services district, through a Support Collection Unit ("SCU"), is required to take all steps necessary to establish, collect, and enforce child support orders. *Id.* §§ 111-c, 111-h. In New York City, the Office of Child Support Enforcement, part of the HRA, is the SCU that enforces child support orders entered in the five counties that constitute the City of New York.
>
> Once a child support order has been entered, the local SCU establishes an account for the named child support debtor, the terms of which are established by the order of support. Id. § 111-h(1). Any past due support is treated as a judgment by operation of law, 42 U.S.C. $ 666(a)(9)(A), and is enforceable in the same manner as a judgment, N.Y. C.P.L.R. 5101.

## The Court Must Permit NYCDSS To Intervene

Under Fed. R. Civ. P. 24(a)(2), "the court must permit anyone to intervene who[] claims an interest to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In the Second Circuit, intervention as of right is granted when movants "(1) timely file an application[,] (2) show an interest in the action[,] (3) demonstrate the interest may be impaired by the disposition of the action[,] and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001).

In considering a motion to intervene, the court must accept as true the non-conclusory allegations of the motion. *Arista Recs., Inc. v. Dalaba Color Copy Ctr., Inc.*, 2007 WL 749737, at *3 (E.D.N.Y. Mar. 7, 2007); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009). A motion to intervene as a matter of right should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts alleged. *Arista Recs., Inc.*, 2007 WL 749737, at *3.

## Relevant Facts

On March 5, 2024, I emailed a letter to all counsel of record, requesting their consent to the requested relief. I later spoke by telephone with Plaintiffs' counsel, Christopher Brown, Esq., and communicated by email with Mr. Dash's attorney, Natraj Bushan, Esq., and both gentlemen agreed to consent to a motion for intervention and further acknowledged that the NYCDSS is entitled to priority of payment with respect to the total amount of child support arrearages. RAF's attorneys did not respond to my letter, presumably because their client has no dog in the fight with

Hon. Robert W. Lehrburger
March 21, 2024

regard to priority and distribution of the proceeds from the sale of Mr. Dash's stock interest in RAF.

The NYCDSS caused restraining notices to be served on the U.S. Marshal and on Mr. Dash with respect to the arrearages on each account. On March 13, 2024, I emailed certified copies of the accounts statements maintained the NYCDSS to Mr. Bushan in order to give Mr. Dash an opportunity to review the amount of the arrearages. Mr. Dash has until March 30 to assert a mistake of fact in the calculation of the arrearages, following which an execution will be served on the U.S. Marshal. Mr. Dash also has a right to judicial review of the determination of arrearages by the NYCDSS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual statements contained herein are true and correct. Executed on March 21, 2024.

Based on the foregoing, the City respectfully submits that formal briefing and motion practice in unnecessary with respect to the requested relief. Your Honor's Individual Practices regarding pre-motion conferences states, in relevant part, that "[f]or non-dispositive motions, the Court retains discretion to rule on the dispute based on the parties' letter submissions, without more formal briefing, and with or without a conference." *See* Section III.D. As emphasized in Your Individual Practices, Rule 1 of the Federal Rules of Civil Procedure requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action.

Respectfully submitted,

*/s/ Gerald E. Singleton*
Gerald E. Singleton

cc: Counsel of Record (via ECF)