

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

GERALD E. SINGLETON
Tel: (212) 356-2036
gsinglet@law.nyc.gov

April 19, 2024

**VIA ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

Re:   *Josh Webber, et al. v. Damon Anthony Dash*, 19 Civ. 610-RWL
      Intervenor NYC Dept. of Social Services, ex rel. Rachel Roy and Cindy Morales -
      Proposed Modified Order regarding payment of child support arrearages owed by
      Defendant Damon Dash from proceeds of sale of RAF stock by the U.S. Marshal

Dear Magistrate Judge Lehrburger:

I represent the City of New York, acting by and through the NYC Department of Social Services ("NYCDSS"), which administers child support accounts and is charged by law with collecting child support arrearages owed by Defendant Damon Anthony Dash to, respectively, Rachel Roy for his two daughters, and to Cindy Morales for his son. I write in response to Your Honor's undated text Order posted on ECF on April 16, 2024, concerning the subject of cost-sharing with regard to the U.S. Marshal's fees and expenses in connection with an auction sale of the stock certificate representing Defendant Damon Dash's interest in Intervenor Roc-A-Fella Records, Inc.

Christopher Brown, who is counsel for the Plaintiffs/Judgment Creditors, filed a letter with the Court dated April 10, 2024 (ECF Doc. 378), partially objecting to the Proposed Order submitted by NYCDSS (ECF Doc. 377), and requesting that NYCDSS be ordered to bear the costs of the auction sale with the Plaintiffs on a 50/50 basis. Subsequent to the filing of such letter and request, Mr. Brown and I spoke to Kristen Hutchinson, a Civil Process Specialist for the U.S. Marshal Service in the Southern District of New York. Ms. Hutchinson told us that a deposit in the amount of $500 would be required by the U.S. Marshal from the Plaintiffs for an auction sale at the courthouse, and Mr. Brown forwarded me a copy of an email he received from Ms. Hutchinson stating that the "deposit for the service has to be collected before the sale."

Hon. Robert W. Lehrburger
April 19, 2024

    Mr. Brown has agreed to withdraw his request for a cost-splitting order and has agreed to pay the $500 deposit requested by the U.S. Marshal, subject to reimbursement out proceeds of the sale. That agreement is consistent with the procedure provided under the CPLR for the payment of the Sheriff's fees and expenses in connection with an auction sale.

    In this case, the Plaintiffs' attorney has requested special accommodations by the U.S. Marshal and, therefore, Plaintiffs' should be responsible for paying any deposit required by the U.S. Marshal. Plaintiffs have requested that the auction sale be conducted at a hotel so that it can be recorded, as opposed to being conducted at the U.S. Courthouse, where such a recording is prohibited. Those details are still being worked out and, as noted by Plaintiffs' counsel in his prior letter to the Court, there will be additional motions for intervention by other judgment creditors, including Plaintiffs' counsel personally. Furthermore, Mr. Brown also advised the Court that he is in negotiations with third parties to possibly sell the Plaintiffs' judgment.

    Based on the foregoing, it is not necessary for the Court, at least at this point in time, to make any modification to its prior order in relation to the sharing of the U.S. Marshal's fees and expenses, or with respect to any deposit required by the U.S. Marshal Service.

Respectfully submitted,

*Gerald E. Singleton*
Gerald E. Singleton

cc: Counsel of Record (via ECF)