# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

July 22, 2024

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    Webber, et al.  v. Dash, et al
       **DOCKET NO.** 1:19-cv-610-RWL

Dear Hon. Judge Lehrburger:

This office is counsel to the Plaintiffs in this matter. Christopher Brown ("Brown") and Monique Bunn ("Bun")  seek an  Order pursuant to Rule 24(a)( and 24(b) of the Federal Rules of Civil Procedure to intervene in this action and  take part in the sale of Damon Dash's ("Dash") interest in Roc-a-Fella Records Inc. ("ROC").  ROC is Dash's only identifiable asset.

Court's have held that to intervene as of right, a prospective intervenor must (1) file a timely motion  (2) identify a significant protectable interested related to the subject matter of the action (3) suffer practical impairment of an interest if intervention is not granted; and (4) be inadequately represented by existing parties.  Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003), as amended (May 13, 2003). Further the Second Circuit has stated that, for an interest to be cognizable under Rule 24, it must be "direct, substantial and legally protected." Washington Elec. Coop., Inc. v Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir 1990).

 A proposed intervenor may also intervene by seeking the court's permission under  Rule 24(b). Courts have held that a court may  permissively allow intervention when the prospective intervenor meets three threshold  requirements: (1) files a timely application; (2) shares a common question of law or fact with the main action; and (3) demonstrates that the court has an independent basis for  jurisdiction over the intervenor's claims. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).

In Brown v. Dash, 23-mc-0092[1], Brown has domesticated a judgment against Dash in the Southern District of New York and seeks to collect the judgment via the

---

[1] Counsel is the Plaintiff in this matter which originated in California and has been domesticated in New York. The Court is aware of Counsel's judgment per previous proceedings in this action.  See Docket Entry 319, footnote 9.

upcoming sale of Dash's interest in ROC.  The judgment against Dash and his company Poppington LLC exceeds $125,000.00 with a 12 percent interest rate.  Also, in <u>Bunn v Dash</u>, 24-mc-00317, Bunn has  domesticated her judgment in the Southern District of  New York, relating to her California judgment in <u>Bunn v. Dash</u>, 20-CV-07389-DMG. Bunn has a judgment against Dash, his company Poppington LLC and Dash's girlfriend, Raquel Horn, in the amount of $30,000.00.

        Brown and Bunn seek intervention for the purpose of satisfying their judgments with the upcoming sale of Dash's interest in the ROC. Both Brown and Bunn agree and understand that the interest of (1) the City of New York to collect child support arrears from Dash and (2) the judgments of Josh Webber and Muddy Water Pictures, have priority over the judgments of Brown  and Bunn.  Brown and Bunn's request to intervene is necessary pursuant to the same legal grounds as the intervention motions of ROC and the City of New York, which were previously approved by this Court.

        It is of note that Webber has also filed another lawsuit against Dash for defamation of character arising from events that occurred in March 2024.  Dash  has again publicly accused Webber of stealing  the film Dear Frank on a podcast which caused Webber additional damages.  See <u>Webber v. Dash</u>, 24-cv-03278-JFW (Central District of California).  If this new litigation can be resolved quickly, Plaintiff may seek an extension of this Court's Order at Docket Entry 370  to include the additional judgment. The statements by Dash in the new litigation are identical to Dash's defamatory statements about Webber in this litigation/verdict. Dash will be precluded from litigating the issue again.[2]

        The  date for the sale of Dash's interest in ROC by the United States Marshal is August 29, 2024. The final notice for publication is being prepared by Plaintiff's Counsel relating to sale.

                                Sincerely,
                                Brown & Rosen LLC
                                By:  *Christopher Brown*
                                    Christopher L. Brown


Cc:  All parties via ECF

---

[2] Collateral estoppel, or issue preclusion, is a corollary to the doctrine of res judicata. It bars the re-litigation of an issue (as distinguished from the action or claim) which was actually and necessarily previously decided in a prior proceeding. <u>Ryan v. New York Tel. Co.</u>, 62 NY2d 494 (1984). To invoke the "issue preclusion" doctrine of collateral estoppel the following elements must be established: (1) an identity of an issue which was necessarily decided in the prior action; and (2) a full and fair opportunity by the party against whom collateral estoppel is being invoked to have contested the said issue. <u>Allied Chem. v. Niagara Mohawk Power Corp.</u>, 72 NY2d 271 (1988). The parties in both actions need not be identical. <u>David v. Biondo</u>, 92 NY2d 318 (1998). The doctrine of collateral estoppel rests on the interest of reducing needless litigation and conserving the resources of courts and litigants. Part of the doctrine's justification is the unfairness and inefficiency of otherwise permitting a party to relitigate an issue which has previously been decided against that person, or a party in privity with that person, in a proceeding in which the person had a full and fair opportunity to litigate the point again in question. <u>Matter of Juan C. v. Cortines</u>, 89 N.Y.2d 659, 667 (1997).