

**OFFICE OF COUNSEL**

August 21,2024

Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

       Re:    <u>Josh Webber, et al. v. Damon Anthony Dash, et al., Docket No.: 1: 19 Civ.
             00610-RWL</u>

Dear Honorable Magistrate Lehrburger:

      I am a Deputy Counsel in the Office of Counsel at the New York State Department of Taxation and Finance (the "Department"). Pursuant to § III.D of your Individual Practices in Civil Cases rules and Local Rule 7.1(d), I am writing to request a pre-motion conference for a motion allowing the Department to intervene in the referenced matter and to modify the Court's orders dated February 13, 2024 (ECF Doc. 370), July 25, 2024 (ECF Doc. 383) and August 2, 2024 (ECF Doc. 387) regarding the distribution of proceeds from the sale, by the United States Marshall, of a stock certificate representing Damon Anthony Dash's ("Dash") ownership interest in Roc-a-Fella Records Inc. ("ROC"). The Department recently learned of the sale from an article that appeared in Billboard.com on August 1, 2024.

      Dash currently owes personal income taxes to New York State for multiple years from 2005 through 2018 totaling $1,702,626.34.  The bulk of this debt arises from personal income tax returns Dash filed with the Department in which he reported the amount of income tax he owed but either partially paid that amount or made no payment at all. As of August 14, 2024, the total amount Dash owes including penalty and interest is $8,737,368.71. The Department assessed Dash for the unpaid taxes he owed and subsequently filed 6 warrants against him as follows:

| Warrant Amount | Docket Date | County | NY Secretary of State Filing Date |
| --- | --- | --- | --- |
| $2,093,618.26 | 4/6/2007 | New York | 4/6/2007 |
| 88,175.81 | 5/30/2012 | Kings | 5/31/2012 |
| 53,892.90 | 10/30/2012 | Kings | 10/31/2012 |
| 2,167.44 | 4/7/2015 | Putnam | 4/14/2015 |
| 2,715.00 | 3/13/2019 | Albany | 3/15/2019 |
| 170,704.32 | 5/31/23 | Albany | 6/2/2023 |

Hon. Robert W. Lehrburger
August 21, 2024
Page 2

Upon filing the warrants, the Department secured a lien on Dash's real and personal property. Unlike most other claimants or creditors, the Department secures a judgment against a taxpayer (without first instituting and prevailing in a plenary lawsuit) merely by filing its warrant. See Tax Law § 692 (c).  Tax Law § 692(d) of the Tax Law further provides that when the Department filed its warrants with the New York Secretary of State's Office it obtained a judgment lien against Dash's personal property, including his ownership interest in ROC. Based upon the dates the warrants were filed, the Department's judgment lien against Dash's stock certificate in ROC arose as of April 6, 2007.

The Department seeks to intervene in this matter to satisfy some of the unpaid tax debt Dash owes to the State of New York out of the sale proceeds from the auction of Dash's stock certificate in ROC. Since the Department is also required, under the Tax law, to collect past-due child support owed by child support obligors in matters referred to it by the New York State Office of Temporary and Disability Assistance, it does not seek to step ahead of the NYC Department of Social Services' lien for the child support arrearages owed by Dash. The Department's request to intervene is a necessary step the Department must take to attempt to collect the unpaid personal income taxes Dash owes to the State of New York, which have been delinquent for far too long.

Pursuant to Fed. R. Civ. P. § 24(a)(2) to intervene as of right a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *Brennan v. New York City Board of Education*, 260 F.3d 123, 128-129 (2d Cir. 2001). Alternatively, Rule 24 (b) permits permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is discretionary and should be construed liberally." *Bulson Management*, 2020 WL 6586156 at 3. The court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R.Civ.P. 24(a)(2), or 'permissive' under Fed.R.Civ.P. 24 (b)(2).

To date, the Department has been unsuccessful in its efforts to collect the unpaid New York State tax debt owed by Dash. Intervening in this matter may be the Department's only opportunity to collect some of the unpaid taxes Dash owes to New York. As such, it is respectfully requested that this Court modify its previous orders to allow the Department to intervene in this proceeding.

Very truly yours,

AMANDA HILLER
Deputy Commissioner and Counsel

By:

David J. Demeter, Esq.

cc Counsel of Record (via ECF)