**TURTURRO LAW, P.C.**

Matthew J. Turturro, Esq. (Managing Partner)
*Natraj S. Bhushan, Esq. (Partner)
Paulina Bellantonio, Esq. (Partner)
Anthony A. Nozzolillo, Esq. (Of Counsel)
*Admitted in NY and NJ

(718) 384-2323     (718) 384-2555
natraj@turturrolawpc.com
www.turturrolawpc.com
1361 N. Railroad Avenue, Staten Island, NY 10306

**August 26, 2024**

VIA ECF
Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Webber, et al. v. Dash, et al*
Docket No: 1:19-cv-610-CM
*Response To NYS Department of Taxation and Finance' Motion to Intervene*

Dear Judge Lehrburger,

This undersigned is counsel to the defendant Damon Dash ("Dash") in this matter. This letter is being submitted in response to NYS Department of Taxation and Finance' request for a pre-motion conference to intervene in this case (ECF Doc 388).

While Mr. Dash does not dispute that the state has a right to intervene in this action, or the legal proposition that properly filed warrants can be deemed a judgment under Tax Law, there remains no proof that the state has properly docketed any such warrants and is entitled to any lien. *See generally*, ECF Doc. 388.

Moreover, Mr. Dash disputes the amount of taxes that the state claims he owes. Indeed, the state itself seems to contradict itself as it contends that on the one hand "Dash *currently* owes….$1,702,626.34" yet on the other hand, *"[a]s of August 14, 2024,* the total amount Dash owes…is $8,737,368.71" (citing ECF Doc 388). Certainly, penalties and interest cannot explain the whopping difference between the amount "currently" claimed to be owed and the "as of August 14, 2024" numbers, which are more than $7,000,000 apart.

Moreover, while it appears that Plaintiffs have separately discussed and agreed to "priority agreement" with both NYC Department of Social Services ('NYC")[1] and New York

---

[1] Contrary to NYC's August 23, 2024 letter to this Court, neither Mr. Dash or the undersigned has knowledge of the Order to Show Cause referenced in NYC's letter. In any event, the undersigned is aware of no legal basis for this Court to require Mr. Dash (or any other non-party) to submit an undertaking to secure future child support

State Department of Taxation and Finance ("NYS") (ECF Doc. No 394), the Court should know that despite being a stakeholder in the auction outcome, Mr. Dash was not privy to these discussions, had no input on the same, and disagrees with the priority given that he has not been supplied with any proof of the "filed" warrants by NYS; and the amount claimed by NYS to be "currently" owed to it remains disputed. On this basis, the Court should conference the matter and compel NYS to produce such proofs of its "filed" warrants.

  Based on the foregoing, in short, Mr. Dash does not oppose (1) the NYS' rights to intervene; and (2) Plaintiffs' request to extend the auction date at some later date after the Court determines (joined by NYC and NYS as set forth in ECF Doc. No 394)), or all parties stipulate to, a further amendment of ECF Doc. Nos. 370, 383, and 387. Notwithstanding the foregoing, Mr. Dash welcomes a conference with the Court to address the foregoing issues.

              Respectfully submitted,
              **TURTURRO LAW P.C.**
              By:/s/ Natraj S. Bhushan

To (via ECF): all counsel of record

---

obligations that have not come due. In any event, this issue can also be addressed during any forthcoming motion conference to be held by the Court.