```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSH WEBBER and MUDDY WATER               :
PICTURES LLC d/b/a MUDDY WATER            :
PICTURES, INC.,                           :
                                          :
                    Plaintiffs,           :
                                          :        19-CV-610 (RWL)
         - against -                      :
                                          :
DAMON ANTHONY DASH and                    :        ORDER
POPPINGTON LLC D/B/A DAME DASH            :
STUDIOS,                                  :
                                          :
                    Defendants.           :
---------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the parties' correspondence at Dkts. 452, 455, and 456. The common theme of the correspondence is Defendants' failure to comply with discovery for the purposes of enforcing the judgment against them.

### Defendants' Failure To Comply With Judgment-Enforcement Discovery

Plaintiff's letter at Dkt. 452 asks for assorted relief, including "sanctions, legal fees and the right to sell the personal property of [Defendants]," and purports to list various companies, intellectual property, and items of jewelry owned by Dash. As the parties are aware, the Court scheduled a hearing for June 10, 2025, to determine what assets Defendants own that can be subjected to turnover and sale to satisfy the judgment against them. (Dkt. 451.) The Court also ordered a deadline for discovery addressing the same subject. Plaintiffs served discovery requests for documents and interrogatories on March 10, 2025. (Dkt. 452 Exs. A-D.) According to Plaintiffs, Defendants failed to respond to any of the requests even though the time to do so has expired. Defendants have not contended otherwise.

1

The relief Plaintiffs seek is premature. As Plaintiffs have previously been cautioned, the Court cannot simply order a sale of assets without any determination of ownership or turnover proceedings. As for Defendants' failure to comply with discovery, however, the Court deems Plaintiffs' letter at Dkt. 452 to be a motion to compel compliance. That motion is granted. Accordingly, by **May 9, 2025**, Defendants shall comply with the discovery requests served by Plaintiffs. If Defendants fail to comply, the Court will find Defendants in contempt and may issue an arrest warrant for Mr. Dash to bring him to Court to respond to the discovery sought. Additionally, sanctions will be imposed, which may include drawing adverse inferences, preclusion, and/or monetary sanctions.

### Defense Counsel's Request To File A Motion To Withdraw

Defense counsel asserts that his clients have not responded to multiple attempts to reach them and have not cooperated in responding to the discovery requests served. (Dkt. 455.) For that reason, defense counsel seeks to withdraw and requests a stay of 30 days for Defendants to have the opportunity to retain new counsel. Additionally, for that reason and due to Dash's purported forthcoming bankruptcy, defense counsel argues that the parties "should just wait until the bankruptcy filing is made."

Defense counsel is granted leave to file a motion to withdraw. The application must comply with SDNY Local Rule 1.4 and be supported by a detailed affidavit that sets forth the facts underlying the reasons that counsel offers as a basis for withdrawal. To the extent the affidavit, or other material, contains material that is confidential as between client and attorney, counsel shall submit a redacted copy on the public record and an unredacted version to the Court for *in camera* review. Even though the Court grants

defense counsel leave to file the motion, that should not be taken as an indication that it necessarily will be granted. The motion shall be filed by **May 16, 2025**. Any opposition shall be filed by **May 23, 2025**.

Defense counsel's request for a stay at this time is denied. As Plaintiffs correctly point out (Dkt. 456), Defendants have been and remain engaged in drawing out and evading enforcement proceedings. Defendants' lack of cooperation and request for a stay appear to be the latest elements of that strategy. Moreover, there is no reason to believe that Defendants would cooperate with new counsel any more than with current counsel, who has represented Defendants in these proceedings since they began approximately six years ago.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 29, 2025
        New York, New York

Copies transmitted this date to all counsel of record.

3