UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSH WEBBER and MUDDY WATER  :
PICTURES LLC d/b/a MUDDY WATER  :
PICTURES, INC.,  :
                        Plaintiffs,  :
                                                :         19-CV-610 (RWL)
              - against -  :
                                                  :              **ORDER**
DAMON ANTHONY DASH and  :
POPPINGTON LLC D/B/A DAME DASH  :
STUDIOS,  :
                        Defendants.  :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      Following trial for copyright infringement and defamation, a jury found in favor of Plaintiffs Josh Webber and Muddy Water Pictures LLC (collectively, "Plaintiffs"). On June 21, 2022, the Court entered an amended judgment against Defendants Damon Anthony Dash ("Dash") and Poppington LLC (collectively, "Defendants") in a total amount of $705,400.00, plus post-judgment interest, and on September 22, 2022, the Court entered a supplemental judgment against Defendants for $117,884.71 in attorney's fees (both judgments collectively, the "Judgment"). Since then, Plaintiffs have sought to enforce and execute on the Judgment without success.

      The Court previously required Dash to turn over to the United States Marshal for the Southern District of New York (the "U.S. Marshal") Dash's one-third interest in Roc-A-Fella Records, Inc. (Dkt. 370.) That interest was sold at public auction. Plaintiffs received no proceeds from that sale, and the full amount of the Judgment remains unsatisfied. (*See* Dkts. 435 (court-ordered priority of distribution of proceeds), 436 (U.S. Marshal's report of accepted credit bid shared between New York State Department of

1

Taxation and Finance, and New York City Department of Social Services), 437 (Plaintiffs' letter reporting that Judgment remains entirely unsatisfied).)

In the course of asset discovery, the parties have stipulated to additional assets owned by Dash and Poppington. (Dkt. 463.) Plaintiffs now move the Court for an order requiring Defendants to turn over to the U.S. Marshal the stipulated assets and directing the sale of those assets at public auction. (Dkt. 465.) On June 9, 2025, the Court issued an order to show cause requiring any opposition to the motion to be filed by June 16, 2025. No opposition was filed. (Dkt. 467.) Accordingly, the Court orders as follows:

1. Within 14 days of entry of this order, Dash shall turn over to counsel for Dash a certificate (the "Dash Ownership Interest") representing Dash's ownership of:

    a. Dash Films Inc. of which Dash owns 100 percent interest per the stipulation at Dkt. 463;

    b. Bluroc LLC d/b/a Bluroc Records LLC of which Dash owns 100 percent interest per the stipulation at Dkt. 463;

    c. Blakroc LLC of which Dash owns 100 percent interest per the stipulation at Dkt. 463;

    d. Any interest Dash owns in Lebanon Improvements LLC;

    e. Any interest Dash owns in Ocean East Improvements LLC; and,

    f. Any interest Dash owns in 1996 Songs LLC.

2. Within 14 days of entry of this order, Poppington shall turn over to counsel for Poppington, a certificate (the "Poppington Ownership Interest") representing Poppington's ownership in the following copyrights:

|   | Owner | Title | Registration No. | Year |
|---|---|---|---|---|
| [a] | Poppington, LLC | Honor Up & 1 other title; motion picture. | V9960D594 | 2018 |
| [b] | Poppington, LLC | Too honorable & 1 other title; motion picture. | V9963D188 | 2017 |
| [c] | Poppington, LLC | Too honorable; motion picture. | V9944D865 | 2017 |
| [d] | Poppington, LLC | Too honorable; motion picture. | V9944D864 | 2017 |
| [e] | Poppington, LLC | We Went To...China and 2 other titles. | V9962D993 | 2018 |
| [f] | Poppington, LLC | Welcome to Blackroc & 2 other titles; motion picture. | V9929D973 | 2015 |
| [g] | Poppington, LLC | Welcome to Blackroc & 2 other titles; motion picture. | V9929D974 | 2015 |
| [h] | Poppington, LLC | Welcome to Blackroc & 2 other titles; motion picture. | V9929D975 | 2015 |

3. Within 10 days of receiving the certificate of the Dash Ownership Interest and Poppington Ownership Interest, Dash and Poppington, through counsel, shall turn over to the U.S. Marshal (i) a fully-executed assignment (the "Assignment") that assigns to the U.S. Marshal all right, title, and interest in and to the Dash Ownership Interest and Poppington Ownership Interest, together with (ii) a certificate issued by Dash and Dash Films evidencing the Dash Ownership Interest, and a certificate issued by Poppington evidencing the Poppington Ownership in the copyrights identified in Paragraph 2 above.

4. Within 180 days of the U.S. Marshal's receipt of the Assignment of the Dash Ownership Interest and Poppington Ownership Interest and any corresponding certificates, the U.S. Marshal shall sell the Dash Ownership Interest and Poppington Ownership Interest at public auction.

5. Following completion of the auction sale, the U.S. Marshal shall deliver (i) to counsel for Plaintiffs, proceeds of the sale in an amount not to exceed the amount owed pursuant to the Judgment plus post-judgment interest; and (ii) to counsel for Dash and Poppington, proceeds from the sale that exceed the amount owed to Plaintiffs pursuant to the Judgments.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2025
       New York, New York

Copies transmitted this date to all counsel of record.