UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSH WEBBER and MUDDY WATER : 
PICTURES LLC d/b/a MUDDY WATER :
PICTURES, INC., :
                           Plaintiffs, :
                                     :       19-CV-610 (RWL)
       - against - :
                                     :          **ORDER**
DAMON ANTHONY DASH and :
POPPINGTON LLC D/B/A DAME DASH :
STUDIOS, :
                          Defendants. :
---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       The Defendants in this case have done virtually everything they can to evade or delay satisfying the judgment issued against them following a jury verdict finding them liable for copyright infringement and defamation. This order concerns the most recent instance of their evasion.

       On August 22, 2025, the Court issued an order (i) scheduling a show cause hearing for August 28, 2025, to address Defendants' failure to comply with the Court's orders regarding enforcement of the judgment; (ii) requiring Defendant Dash to appear in person along with defense counsel; and (iii) providing that Dash could obviate the need for the hearing if by August 27, 2025, Defendants fully complied with outstanding asset-turnover tasks identified by Plaintiffs at Dkt. 480 and this Court's order of August 12, 2025. (Dkt. 479.)

       On August 27, 2025, at 6:00 p.m., defense counsel filed a letter (dated August 28, 2025) stating that Defendants had complied with the turn-over requirements of Dkts. 479-80 and attaching a declaration from Dash attesting to the same. (*See* Dkt. 483.) Defense

1

counsel's letter further stated that Dash "will not be appearing tomorrow"; asked that the hearing be cancelled; but requested that, to the extent the Court proceeds with the hearing, "my appearance be waived or that I can be permitted to appear remotely as I am currently away for the week in Washington D.C. on a pre-planned family vacation." (*Id.*) On the morning of August 28, 2025, the Court cancelled the show cause hearing in light of Defendants' letter and declaration and stated that a further order would issue addressing the matter. This is that order.

The Court first discusses Dash's representations in his declaration and then those of defense counsel. It appears that Defendants have complied with one of the required items (a corrected copyright assignment). Plaintiffs, however, dispute that Defendants have complied with the other items, all of which concern Bluroc LLC (a record label established by Dash) and its assets. (*See* Dkt. 484.) Information submitted by Plaintiffs indicates that Dash's own group released an album on June 21, 2025, adding to a collection of several albums previously released on Bluroc. (Dkt. 478 at ECF 5-15.) Yet, in his declaration, Dash states that Bluroc "does not have any musical assets, and it did not open up any bank accounts or receive any monies." (Dkt. 483-1 ¶ 1.)

Other information submitted by Plaintiffs suggests that Dash, with the assistance of his girlfriend, Raquel Horn, has been playing a shell game to hide corporate assets. According to Plaintiffs, Dash recently merged Bluroc with The Dash Group LLC ("Dash Group"). (Dkt. 481.) And, in another copyright infringement case in this District in which Dash is a defendant, Judge Rakoff has entered judgment finding, *inter alia*, that Dash, the Dash Group, Horn, and Poppington LLC each bear alter-ego liability, and that Poppington and the Dash Group fraudulently conveyed assets in an attempt to avoid

paying the judgment due in that case. *Brooks v. Dash*, 24-CV-9550 at Dkt. 20 (S.D.N.Y. May 16, 2025).

There is every reason to believe, and Defendants have provided no information to the contrary, that Defendants have engaged in fraudulent conveyance of assets in this case no less than in *Brooks*. That said, the Court does not have a sufficient record, at the moment, to render findings or conclusions as to what assets Bluroc does or does not have, whether it or any assets it held have been fraudulently conveyed, and which entity now owns any assets that were conveyed from Bluroc. The Court does not have a basis to rule, at this time, that Defendants are in contempt, have committed perjury, or other transgression. Accordingly, by **September 4, 2025**, Plaintiffs shall file a letter proposing next steps for resolving Bluroc asset issues. Any response by Defendants must be filed by **September 10, 2025**.

As for defense counsel, the Court is troubled by his stance toward at the hearing that was scheduled for August 28. The Court scheduled the hearing on August 22, 2028 and directed that Dash "must appear in person along with counsel." (Dkt. 482 at 1.) Given that defense counsel knew he would be away on a "pre-planned" family vacation at the time of the hearing, why did he not so advise the Court promptly after the Court entered its August 22 order rather than waiting until literally the eve of the hearing? Defense counsel's letter demonstrates that he knew the Court may have proceeded with the hearing despite the representations made in the letter and Dash's declaration. It appears that defense counsel presumed he would be granted leave at the last minute to appear remotely or not at all despite the August 22 order clearly requiring his appearance in person with his client. While the Court is not inclined to impose sanctions inasmuch as

3

the Court did cancel the conference, defense counsel is on notice that the Court will not overlook such concerns in the future.

                                SO ORDERED.

                                _____
                                ROBERT W. LEHRBURGER
                                UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2025
       New York, New York

Copies transmitted this date to all counsel of record.