# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

August 29, 2025

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Denied. To obtain the relief requested and establish the facts asserted regarding Bluroc and the Dash Group, Plaintiffs must file a motion supported by affidavit and admissible evidence, as well as legal authority.
>
> SO ORDERED:
>
> 8/29/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

RE: Webber, et al. v. Dash, et al
      DOCKET NO. 1:19-cv-610-RWL

Dear Hon. Judge Lehrburger:

    This office is counsel to the Plaintiffs Josh Webber ("Webber") and Muddy Water Pictures LLC d/b/a Muddy Water Pictures, Inc.("Muddy") (collectively "Plaintiffs") in this matter. Today I write to request partial reconsideration of this Court's Order at Docket Entry 486 and a partial modification.

    The Court has the sound discretion to determine whether a motion for reconsideration should be granted. *See Spa 77 G L.P. v. Motiva Enters. LLC*, 772 F. Supp. 2d 418, 437 (E.D.N.Y. 2011). The Second Circuit established that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *see also* 11 C. Wright et al., Federal Practice and Procedure § 2810.1 (2012); 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995). A finding of error and relief is "appropriate when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Corrines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000))

    Bluroc Records ("Bluroc" or "BR") is alive and well and there is no dispute that the entity is the sole property of Dash as stipulated by the parties at Docket Entry 463 and this Court's Order at Docket Entry 472. It is also established that that Dash renamed BR in Florida under the name The Dash Group LLC with assistance from his girlfriend Raquel Horn. See Docket Entry 481.

    According to the Bluroc Instagram and Dash's duskopoppington Instagram pages, Bluroc was created in 2010. See Exhibit A.

1

In September, 2011 Dash took part in an interview detailing Bluroc Records. See [Dame Dash Explains BluRoc Mission, Upholding Lifestyle In Independence, And Being A Candidate To Run Death Row Records - HipHopDX](#)

As of January 2025, the public can listen to Dash, on the Bluroc Instagram page (at Exhibit B, screen 2), talk about the upcoming albums being released on Bluroc. Dash speaks about the release of the "Black Guns" and Freeway on Bluroc. In the below interview.
https://www.instagram.com/p/DFJGcqZA2os/?img_index=1&igsh=MXRsYmVnbDhxMWplbw==

In light of the parties clear agreement that Dash is the 100 percent owner of Bluroc Records and this Court's Order at Docket Entry 472 confirming the ownership interest, Dash's renaming of Bluroc in Florida to The Dash Group LLC with assistance from his girlfriend Raquel Horn at Docket Entry 481, is a clear violation of the Court's Order at Docket Entry 479. The "renamed" BR, must be collecting the funds from the sales of BR music on iTunes, Spotify, Apple Music and other platforms. Dash contends that BR has no bank accounts and received no monies at Docket Entry 483-1, hence BR under its new name, The Dash Group LLC, must be collecting the funds for the Bluroc sales for the music identified at Docket Entry 478.

Be that as it may, it is unclear upon review of Docket Entry 486, if the Court considered the stipulation between the parties at 463 and the Court's Order at Docket Entry 472. There is no dispute that Dash owns Bluroc. The renaming of the company to The Dash Group LLC in Florida does not change Dash's interest. Dash is also the owner of The Dash Group LLC in California as well. See Docket Entry 481, Exhibit D. The Dash Group LLC and Bluroc filings in Florida, indicate that the renamed company is a foreign entity from California. See Docket Entry 481. Dash seeks to have his deceptiveness rewarded by changing the name of Bluroc in Florida. The failure to turn over the banking information of The Dash Gorup LLC is just as contemptuous as the failure to turn over the banking information of BR. It is the same entity as indicated by the Florida Secretary of State filings. See Docket Entry 481.

Therefore, Plaintiffs seek to have Order at Docket Entry 486 reconsidered and modified, mandating that Dash turnover the banking information and ownership of The Dash Group LLC which is the new name for Bluroc.

Plaintiffs fully intend to comply with the remaining aspects of Docket Entry 486 and prepare a letter for next steps by September 5, 2025.

Sincerely,<br>
Brown & Rosen LLC<br>
<i>Christopher Brown</i><br>
Christopher L. Brown

# EXHIBIT A



# EXHIBIT B



<40> <41>
<42>



