# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

September 14, 2025

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   Webber, et al. v. Dash, et al
        **DOCKET NO.** 1:19-cv-610-RWL

Dear Hon. Judge Lehrburger:

    This office is counsel to the Plaintiffs Josh Webber ("Webber") and Muddy Water Pictures LLC d/b/a Muddy Water Pictures, Inc. ("Muddy") (collectively "Plaintiffs") in this matter. Today I write pursuant to this Court's Order at Docket Entry 491 relating to the next steps in the enforcement of the judgments in this action against Defendant Damon Dash ("Dash") and Poppington LLC ("Poppington").

    Despite the fact that Dash's Bankruptcy Petition ("Petition") has not been served on my office, I have reviewed the Petition filed in Bankruptcy Court for the Middle District of Florida, case number 25-bk-0643. There is good reason to believe that a substantial portion of Dash' debt will not be discharged.

    First, Dash's Petition must be considered against the backdrop of his actions. As the Court noted in the Order at Docket Entry 486:

> There is every reason to believe, and Defendants have
> provided no information to the contrary, that Defendants
> have engaged in fraudulent conveyance of assets in this case
> no less than in *Brooks*.

### Dash's Debt In This Litigation And Similar Cases, Is Not Dischargeable

    Pursuant to 11 USC 523(a)(2) and (6), false representations, actual fraud and actions causing willful and malicious injury, are not dischargeable in bankruptcy. See Kawaauhau v. Geiger, 523 U.S. 57 (1998).

    Dash claims approximately 20 Million Dollars is debt for unpaid taxes and child support. The tax authorities and counsel for those owed child support can make their own

1

claims, however, generally speaking, tax debt and child support obligations are not dischargeable in bankruptcy without certain exceptions. These matters are not the Plaintiffs' concern.

Dash seeks to discharge approximately 5 Million Dollars in debt to Plaintiffs, E.W. Brooks and Christopher Brown. This debt appears to be the main reason for Dash's bad faith bankruptcy Petition and is clearly a mechanism to slow the Plaintiffs' recovery actions. However, pursuant to 11 USC Section 523(a)(2) and (6), the debt is not dischargeable. The judgments identified in the Petition are as follows:

Webber v. Dash, 19-cv-610-RWL: $823,284.00 judgment for actual damages and punitive damages for defamation and copyright infringement after trial. Legal fees pursuant to the Copyright Act were also awarded.

Brown v. Dash, 20-cv-10676-DSF: $124,462.72 judgment for defamation after trial in California Federal Court.

Webber v. Dash, 24-cv-3278-JFW: $4,000,000.00 judgment for defamation (Dash restates false claims previously address before this Court in 19-cv-610) in California Federal Court.

Brooks v. Dash, 24-cv-06666-JSR: $78,289.57 judgment against Dash for aiding and abetting fraud in the Southern District of New York.

Defamation is an intentional tort, See New York Times Co. v. Sullivan, 376 U.S. 254 (1964), that is not dischargeable in bankruptcy. See 11 USC Section 523(a)(6). A judgment for aiding and abetting fraud is not discharge pursuant to 11 USC Section 523(a)(2). Where another court has already found a debtor liable for willful and malicious injury, the debtor is collaterally estopped from re-litigating that finding—making the debt non-dischargeable. *See, e.g.*, In re Gober, 100 F.3d 1195 (5th Cir. 1995); In Re Alexander Jones, Case No. 22-33553 (CML**)**, Docket Entry 27 (finding Alex Jones is unable to discharge in bankruptcy, 1 Billion Dollars in defamation damages relating to Sandy Hook incident). It is well settled law that Dash cannot discharge the above debt in bankruptcy. Dash is simply attempting to slow the Plaintiffs' attempts to collect their judgments. Dash stands in the same legal position as Alex Jones.

Despite the fact that Dash's above debt is not dischargeable, the Petition is riddled with other issues.

### **Inconsistencies and Omissions In The Bankruptcy Petition**

From the outset, Dash engages in a falsehood relating to the Petition question: "where you live". In the Petition, Dash contends he lives at 6039 Cypress Gardens Blvd #620, Winter Haven, FL 33884.

2

[Form excerpt showing Debtor 1 address: 6039 Cypress Gardens Blvd #620, Winter Haven, FL 33884, Polk County]

This is a falsehood. That address is a UPS Store with hundreds of boxes. 6039 Cypress Gardens Blvd # 410, Winter Haven, FL 33884 | Realtor.com®  Dash's real address is 228 McClean Point, Winter Haven, FL 33884, as indicated in his most recent letter to the Copyright Office attached to Docket Entry 480. Dash has already perjured himself on the Petition.

Next, Dash failed to include his ownership of The Dash Group LLC in the Petition, as indicated at Exhibit D in Docket Entry 481. Dash also fails to include the merger of Bluroc LLC and The Dash Group LLC in the Petition filed with the Florida Secretary of State.

Dash also fraudulently lists his alleged ownership of assets/companies that have already been legally assigned to the US Marshal for public auction. The Petition contends that Dash owns the following entities:

| Name of entity | % of ownership | Value |
|---|---|---|
| Dash Films, Inc. | 100% | $0.00 |
| Poppington LLC | 50% | $0.00 |
| Bluroc LLC | Unknown Percentage | $0.00 |
| Blakroc LLC | 33% | Unknown |
| Lebanon Improvements LLC | Unknown Percentage | Unknown |
| Ocean East Improvements LLC | Unknown Percentage | Unknown |
| DD172 LLC | 100% | $0.00 |
| D Dash Films Inc. | 100% | $0.00 |
| 1996 Songs LLC | 50% | Unknown |
| Roc A Fella Films Inc., LLC | 100% | Unknown |
| Possible interests in other entities, but as of now, unknown | Unknown Percentage | Unknown |

This is yet another false representation as Dash attempts to place the assignment of multiple entities to the US Marshal in a precarious position. Dash also claims an ownership exemption for the property already assigned to the US Marshal.

3

Equally, important Dash has failed to include his most valuable asset in the Petition, his "life rights". A debtor must identify intellectual property and other rights, he owns in a Petition at sections 26, 53 and 61. In this instance, Dash's "life rights" is an asset due to his connection to Roc-A-Fella Records Inc. and his former partner Jay-Z. In fact, Dash has been developing a script/movie on his life rights and has publicly addressed the issue. https://www.revolt.tv/article/2022-03-01/154882/dame-dash-revealed-he-would-be-open-to-roc-a-fella-biopic. It is no secret that Dash is developing "The Roc-A-Fella Movie. See Damon Dash "The Roc-A-Fella Movie" - YouTube. This asset should have been listed in the Petition for potential liquidation.

**Automatic Stay**

This litigation cannot be stayed pursuant to 11 USC 362 in regard to Poppington. Plaintiffs can continue to sell the assets of the corporate defendant and there is no bankruptcy filing for the company. Poppington's films and copyrights can be sold at public auction.

Nor can the action be stayed in regard to Dash's corporate assets previously assigned to the US Marshal. Counsel is unaware of any legal precedent that mandates the stay of a public auction for assets previously assigned to the US Marshal. The public auction can continue in regard to Dash's corporate assets that have been assigned. 11 USC 362 does preclude the Plaintiffs from additional enforcement activity against Dash's unassigned assets, until the stay has been lifted.

Sincerely,
Brown & Rosen LLC

*Christopher Brown*

Christopher L. Brown