# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

September 29, 2025

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   Webber, et al.  v. Dash, et al
      **DOCKET NO.** 1:19-cv-610-RWL

Dear Hon. Judge Lehrburger:

This office is counsel to the Plaintiffs Josh Webber ("Webber") and Muddy Water Pictures LLC d/b/a Muddy Water Pictures, Inc. ("Muddy") (collectively "Plaintiffs") in this matter.  Today I write pursuant to this Court's Order at Docket Entry 495 and Attorney Bhushan letter at Docket Entry 496 on behalf of the defendants.

### This Action Must Continue Against Poppington LLC

Preliminarily, it should be noted that the Court has discretionary authority to continue the proceedings against non-bankrupt codefendants such as *See, e.g.,* Lightbody v. Girlie's Ambulette Serv. Inc., No. 09 Civ. 5493 (ILG), 2010 U.S. Dist. LEXIS 88862, 2010 WL3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (*quoting* WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)); MBE Capital Partners, LLC v. AVPOL Int'l LLC, 2019 U.S. Dist. LEXIS 21891, at *8 (S.D.N.Y. Feb. 11, 2019).This litigation cannot be stayed pursuant to 11 USC 362 in regard to Poppington LLC ("Poppington"). Plaintiffs can continue to sell the assets of the corporate defendant and there is no bankruptcy filing for the company.  Poppington's films and copyrights can be sold at public auction. In fact, this Court continued litigation against all the non-bankrupt co-defendants in Finders v. Bk19 Inc., 19-CV-11802 (ALC) (RWL), Docket Entry 93 (See Exhibit A) in 2021. There is no reason to discontinue the action against Poppington. The films and copyrights of Poppington that can be auctioned is as follows:

| | Company Year | Title | Registration Number | |
|---|---|---|---|---|
| [ 1 ] | Poppington, LLC | Honor Up & 1 other title; motion picture. | V9960D594 | 2018 |

| | | | | |
|---|---|---|---|---|
| [2] | Poppington, LLC | Too honorable & 1 other title; motion picture. | V9963D188 | 2017 |
| [3] | Poppington, LLC | Too honorable; motion picture. | V9944D865 | 2017 |
| [4] | Poppington, LLC | Too honorable; motion picture. | V9944D864 | 2017 |
| [5] | Poppington, LLC | We Went To…China and 2 other titles. | V9962D993 | 2018 |
| [6] | Poppington, LLC | Welcome to Blackroc & 2 other titles; motion picture. | V9929D973 | 2015 |
| [7] | Poppington, LLC | Welcome to Blackroc & 2 other titles; ; motion picture. | V9929D974 | 2015 |
| [8] | Poppington, LLC | Welcome to Blackroc & 2 other titles; ; motion picture. | V9929D975 | 2015 |

### The Assignment To The US Marshal Cannot Be "Clawed Back" And The Auction Must Continue

The action cannot be stayed in regard to Damon Dash's ("Dash") corporate assets previously assigned to the US Marshal. Dash has no legal authority to "claw back" the transfers made to the US Marshal. Only a Bankruptcy Trustee can challenge the transfer to the US Marshal and public auction by filing an adversarial proceeding, which has not occurred. Nor does Dash assert that an adversarial proceeding has been filed to claw back the transfer to the US Marshal pursuant to 11 USC 544, 547or 548; see FTX Trading Ltd. et al v. Mirana Corp. et al, 1:22-bk-11068 (The Bankruptcy Trustee filed a clawback action against Mirana Corp to reverse transfers/assignments of $838 million that occurred in a short period before FTX filed bankruptcy).

The assets transferred to the US Marshal that would have been subject to 11 USC, 544, 547 and 548 are as follows:

a. Dash Films
b. Bluroc LLC d/b/a Bluroc Records LLC;
c. Blakroc LLC;
d. Any interest Dash owns in Lebanon Improvements LLC;
e. Any interest Dash owns in Ocean East Improvements LLC; and,
f. Any interest Dash owns in 1996 Songs LLC.

2

Only the Bankruptcy Trustee has the ability to challenge the US Marshal public auction, which has not occurred, and the public auction is not a "judicial action" as described in 11 USC 362. Dash fails to cite any law and precludes the US Marshal from selling assets previously assigned to the US Marshal prior to judgment debtor filing for bankruptcy. In fact, the auction would have already occurred but for the discovery violations and gamesmanship of Dash.

Dash is not concerned with the US Marshal's auction and the bankruptcy was filed to stop collection activities while he announces new ventures.
Dash is more concerned with:

(1) sending Chat GPT emails demanding $100 Million Dollars (See Exhibit B)
(2) attending interviews where he hands out copies of his "Black Guns" Album [Dame Dash Defends His Worth On The Breakfast Club, Responds To 'Broke' Claims, False Teeth + More](#) (see time stamp 1:30 on the Breakfast Club on September 16, 2025) and announces that his recording group the "Black Guns" is being distributed by Sony Music (time stamp 1:17:03)
(3) announcing that Dash signed a book deal with the famed book publisher Simon Schuster (time stamp 28:30)
(4) announcing that Dash has purchased new dentures with diamonds in mouth (time stamp 37:07), and,
(5) asserting that Dash has $5 Million Dollars in the bank (time stamp 48:48).

For the reasons above, the auction cannot be stayed and Dash cites no legal authority mandating a stay in the circumstances presented in this litigation.

Sincerely,<br>
Brown & Rosen LLC<br>
<i>Christopher Brown</i><br>
Christopher L. Brown

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GAVIN FINDERS, et al.,

                             19-CV-11802 (ALC) (RWL)

               Plaintiffs,

    - against -                       **ORDER**

BK 19 INC., et al.,

               Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2021

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      In light of the notice of bankruptcy filed on June 23, 2021, this case is stayed as to the individual defendant Khorrami. The parties shall meet and confer as to a schedule going forward for completion of fact discovery and expert discovery and shall jointly submit a proposed schedule no later than July 6, 2021. So that the Court may remain advised as to Mr. Khorrami's status, Mr. Khorrami shall file a letter on September 22, 2021, and every 90 days thereafter, regarding the status of his bankruptcy proceeding. Notwithstanding the foregoing, Mr. Khorrami shall file a letter no later than 10 days after his bankruptcy proceeding progresses to the point where the stay in this case with respect to him individually can be lifted.

                                          SO ORDERED.

                                          _____
                                          ROBERT W. LEHRBURGER
                                          UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2021
       New York, New York

Copies transmitted this date to all counsel of record.

# EXHIBIT B

**From:** Damon Dash <dame@thedashgroupllc.com>
**Sent:** Wednesday, September 17, 2025 9:54 PM
**To:** cbrown@brownrosen.com; Natraj Bhushan <natraj@turturrolawpc.com>
**Subject:** Formal Demand – $100,000,000 Civil RICO Claim

Subject: Formal Demand – $100,000,000 Civil RICO Claim

To: Chris Brown, Esq.

CC: Claudia Jordan; Josh Webber; Brian White; Tony White; Larry Smith; Mike Muntaser (Muddy Waters); E.W. Brooks; Muddy Waters Films, LLC; Corina Levine; and all other parties acting in concert

Dear All,

I am placing you on formal notice of my intent to pursue claims under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) and related state-law causes of action.

Your coordinated actions — including fraud, perjury, theft of intellectual property, defamation, tortious interference, harassment, and financial manipulation — have caused me damages exceeding $100,000,000 (One Hundred Million Dollars).

## Summary of Wrongdoing

1. The Film The List / Dear Frank – I conceived, directed, financed, and produced the film. Despite my leadership and contributions, Tony White, Josh Webber, Brian White, Muddy Waters Films, and others misappropriated it, removed my credits, and retitled it Dear Frank. I was never compensated for directing the movie at all.

2. Budget Fraud (Tony White / Mike Muntaser) – Tony White lied about the budget as a precondition to production. Mike Muntaser admitted this. Although I offered to pay myself, Mike paid the editor, took delivery of the final cut, and used that leverage to cut me out.

3. False Testimony & Benefit (Claudia Jordan) – Claudia Jordan publicly praised my directing, appeared in edits/podcasts, then falsely testified under oath that I did not direct. She directly benefited, later starring in E.W. Brooks's film tied to Chris Brown, Esq.

4. Fraudulent Litigation (Chris Brown, Esq.) – Chris Brown represented E.W. Brooks, Monique Bunn, and Corina Levine in meritless, defamatory lawsuits coordinated to damage me. Testimony shows Josh Webber solicited his services.

5. Business Misappropriation (Larry Smith / G5 Grow) – I partnered with Larry Smith in a G5 cannabis grow in Las Vegas, including developing the "Pink Mink" strain for Cam'ron. Larry continued the business without me and excluded my contributions. He also attempted to pay my son to appear on Cam'ron's show, sending him money as part of another scheme.

6. **Asset Manipulation & Bankruptcy Interference (Chris Brown, Esq.)** – My Roc-A-Fella Inc. equity was forced to auction, knowing liens would consume proceeds. Chris Brown then contacted my bankruptcy lawyer, Brian, but never followed up, and separately told my LA counsel I "would not pay," causing that lawyer to withdraw — leading to a default. These actions forced me into bankruptcy.

## Damages

I have suffered:

- Wrongful loss of ownership and revenue from The List / Dear Frank.
- A fraudulent ~$300,000 judgment.
- Severe reputational harm from false allegations.
- Theft of ventures including the G5 grow / Pink Mink strain.
- Bankruptcy damages tied to Roc-A-Fella Inc. equity.

Total damages: $100,000,000.00.

**Demand**

Within 14 days of this notice, you are required to:

1. Cease and desist all defamatory, fraudulent, and harassing actions.
2. Issue retractions of false statements and testimony.
3. Provide an accounting of all profits from my films, business ventures, and related enterprises.
4. Remit payment of $100,000,000.00.
5. Preserve all evidence (emails, texts, contracts, financials, call sheets, recordings, trial records, communications with attorneys).

Failure to comply will result in the immediate filing of a Civil RICO action in federal court naming all of you, with additional parties added as revealed through discovery.

All rights are reserved.

Govern yourselves accordingly.

Sincerely,

Damon Dash

The Dash Group