# BROWN & ROSEN LLC

Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
www.brownrosen.com

June 11, 2026

Hon. Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    Webber, et al.  v. Poppington LLC d/b/a Dame Dash Studios, et al
       **DOCKET NO.** 1:19-cv-610-RWL

Dear Hon. Judge Lehrburger:

This office is counsel to the Plaintiffs in this matter. Plaintiffs  Josh Webber ("Webber") and  Muddy Water Pictures LLC d/b/a Muddy Water Pictures, Inc. ("Muddy") (collectively "Plaintiffs"). Plaintiffs request an order of contempt for the violation of the Order at Docket Entry 529.

Plaintiffs' counsel has reviewed Attorney Bhushan's letter at Docket Entry  532. The declaration of Mr. Dash was not filed by the defendant in accordance with Docket Entry 529, and is attached as Exhibit A.  The June 3, 2026 declaration was provided to counsel on June 10, 2026 and contains the same side stepping of the material issues that led the Plaintiffs to seek a contempt order.

Plaintiffs' contend the declaration was not filed because nothing has changed and Poppington LLC  is in contempt of court. Nothing in Exhibit A provides any clearances, particularly for the film "Stoned" which was registered in the copyright office in 2022. Mr. Dash contends the film is too old for him to obtain clearances from his business associates, despite previously informing this court that all clearances had been obtained before Poppington LLC  licensed the film to Homestead Entertainment for distribution, through a separate Dash entity.  A hearing is necessary with Mr. Dash's personal appearance in the Southern District of New York being mandated.  Plaintiffs' also re-request the sanctions previously presented to this Court in their filings on this matter.

Sincerely,
Brown & Rosen LLC

*Christopher Brown*

Christopher L. Brown

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOSH WEBBER and
MUDDY WATER PICTURES LLC d/b/a
MUDDY WATER PICTURES, INC.,                    Docket No.:19 CV 00610 CM-RL

                                        Plaintiffs,

            -against-

DAMON ANTHONY DASH and
POPPINGTON LLC d/b/a
DAMOND DASH STUDIOS

                                        Defendants.
----------------------------------------------------------X

## <u>SUPPLEMENTAL DECLARATION OF DAMON DASH</u>

I, Damon Anthony Dash, declare the following under penalty of perjury:

1. I submit this Supplemental Declaration on behalf of Poppington LLC ("Poppington") in response to the Court's Order dated May 13, 2026, and to supplement my prior declaration dated April 9, 2026.


2. Following the Court's last Order, I reviewed the credits and other information presently available to me concerning the audiovisual works entitled "*Stoned*" and "*We Went To China*."

3. Based upon that review and my present knowledge, I am personally able to identify and contact only the following individuals whose image and/or likeness may appear in one or both works:

a. Damon Dash;

b. Raquel Horn; and

c. Nicolette Durham.

4. To the extent any consent, authorization, or clearance relating to the image or likeness rights of Damon Dash, Raquel Horn, or Nicolette Durham is required, I am presently able to obtain or facilitate such authorization.

5. My review of the credits reflects the names of other individuals who may have appeared in, contributed to, or otherwise participated in the creation of the works, including but not limited to individuals identified in the credits of the films.

1

6.  However, due to the passage of time, the age of the projects, the absence of maintained production records, and the lack of current contact information, I do not presently possess sufficient information to locate or contact those individuals.

7. Accordingly, despite reviewing the available credits and information, I am unable to obtain image and likeness clearances, performance releases, or other rights from those individuals because I do not have reliable means of contacting them.

8. In addition, I do not possess synchronization licenses, master recording licenses, music licenses, producer agreements, cinematographer agreements, sound department agreements, or other documentation that would permit me to clear any third-party music, footage, or other content incorporated into the works.

9. To the best of my knowledge, the works were created as experimental projects utilizing various third-party audiovisual and musical materials, and I do not possess records identifying all rights holders associated with such materials.

10. I have undertaken the efforts described above in an attempt to comply with the Court's Orders and to determine what rights, if any, can presently be identified and cleared.

11. Poppington assigned whatever right, title, and interest it possessed in the copyrighted works pursuant to the Court's orders. To my knowledge, neither before nor during the assignment process was I asked to identify or warrant the existence of any particular underlying third-party licenses, synchronization licenses, master recording licenses, appearance releases, or similar clearances. My present declaration is intended solely to describe the current status of the information available to me concerning such rights and clearances.


I declare under penalty of perjury under the laws of the United States of America and Florida

that the foregoing is true and correct.


Date: June 3, 2026
Winterhaven, Florida

_____
Damon Anthony Dash

2